## YOUNG *vs.* CHANEY.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST FELICIANA.

Testimony cannot be received, which is inconsistent with the pleadings.

A settlement of the accounts of an executor, is no bar to an action against him for malfeasance in his administration.

Although the debts of the succession, be increased after the death of the testator, the executor is not responsible, unless it be shown, that the increase was owing to his misconduct, or improper application of the funds.

Executors can only charge two and a half per cent. on the value of the succession, as estimated by inventory. Any claim for care and trouble exceeding *that*, must be established by testimony.

This was an action by the widow and tutrix of her minor children, to compel the executor of her deceased husband, to render his account and surrender the estate. The executor filed his account, and charged the estate (in addition to the two and a half per cent., allowed by law) ten per cent. upon the revenue. This item was opposed by the plaintiff, who in making the objection, claimed damages from the executor, for waste and injury to the succession. The court *a qua* reduced the charge of ten per cent. on the revenue, to two and a half, which was allowed, and the plaintiff appealed.

*Downs*, for appellant.   *Turner*, for appellee.

*Mathews, J.* delivered the opinion of the court.

In this case, the tutrix on behalf of her children, claims the succession of her deceased husband, to be given up to her, and that the executor (who in that capacity, had managed the estate for several years) should be compelled to render an account of his management. This account was rendered, and after receiving corrections by the judge of probates, a balance was decreed in favor of the defendant, for the sum of six hundred and fifty-four dollars and thirty cents, from which the plaintiff appealed.

In the course of the trial, in the court below, damages were claimed against the executor, on account of waste and injury done to the real estate of the succession, whilst under his control and management. But the judge *a quo* refused to take cognizance of this matter, and rejected testimony offered, to prove the injury, to which a bill of exceptions was taken.

The petition contains no allegation of waste or misconduct committed by the defendant in this respect; the testimony offered, was therefore inconsistent with the proceedings and properly rejected, the defendant not being called on to answer a charge of this nature. The act complained of, would amount to a *quasi* offence, and to say the least of it, a

Testimony cannot be received which is inconsistent with the pleadings.

A settlement of the accounts of an executor, is no bar to an action against him for malfeasance in his administration.

Although the debts of the succession be increased after the death of the testator, the executor is not responsible, unless it be shown that the increase was owing to his misconduct, or improper application of the funds.

Executors can only charge two and a half per cent. on the value of the succession as estimated by inventory—any claim for care and trouble exceeding that, must be established by testimony.

question might be raised, as to the competency of a Court of Probates, to decide on such a claim. It is also believed, that an adjustment and settlement of accounts with the executor, as decreed in the present instance, will not operate as a bar to a pursuit against him for malfeasance in his administration, which may have deteriorated the property subjected to his care.

The present claim of the tutrix, seems (by one of the allegations in her petition) to have been provoked, by an application made by the executor, to cause the succession to be sold. This she alleges to be contrary to the will of her deceased husband, and not required by the situation of the estate. To show the receipts of a sale, and to justify the course which he had attempted to pursue in relation thereto, the defendant in rendering his account, filed a statement showing the debts due by the succession at this time, in which it appears that they have increased since the death of the testator, and the counsel for the appellant claims credit for the surplus as having been illegally contracted by the executor. There is no evidence on the record which shows that this increase of debt originated in his misconduct or improper application of the revenues of the succession, the credit claimed, consequently cannot be allowed.

There are two other objections to the amount as passed by the court below:   1. To an allowance granted to the defendant of two and a half per centum on the income and revenues of the estate whilst under his management.   2. To the omission of credit in favor of the succession for a quantity of wood said to have been sold in the years 1828—30.

The only allowance accorded by law to executors for their care and trouble in the management of successions, is two and a half per centum on their value, as estimated by inventories. This per centage, it appears, is allowed to the executor in the present case, and also the same on the revenues. The latter allowance (amounting to three hundred and one dollars and four cents) we are of opinion was improperly granted. If the defendant had any just claim to make for his care, trouble and expense, on the administration of the affairs of the estate

EASTERN DIST.
*March*, 1832.

submitted to his management, in addition to the two and a half per centum on the amount of the inventory; he should have established the items of such claim by testimony. This sum must, therefore, be deducted from the amount decreed to him.

The evidence in relation to the wood sold, and not accounted for, is so vague and inconclusive, as to render it impossible to make any estimate of its value; and as no additional allowance is made, more than the two and a half per centum on the inventory, notwithstanding the executor seems to have managed the succession for several years longer than the period fixed by law, it is believed that injustice will not be done by rejecting this charge against him.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided, reversed and annulled: And it is further ordered, adjudged and decreed, that judgment be here rendered in favor of the defendant and appellee, for the sum of three hundred and fifty-three dollars and twenty-six cents, to be paid out of the succession of Robert Young, deceased. The costs in the court below to be borne by said succession; those of the appeal by the appellee.